

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00063-CR

**MARSHALL O'BRYANT,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 278th District Court
Walker County, Texas
Trial Court No. 27627**

## ABATEMENT ORDER

On September 26, 2018, the State filed a motion for extension of time to file its brief in this matter. In its motion, the State noted "that there are several discrepancies between Volume 3 of the Reporter's Record and the exhibits admitted in this case as contained in the Walker County District Clerk's records." The State specifically referenced the discrepancies as follows:

> Volume 3 of the Reporter's Record is missing pages 16-17 of State's Exhibit 1. It is also missing pages 2, 5-8, and 10 of State's Exhibit 2. Further, it is

missing pages 10-13 of State's Exhibit 3.  Page 9 of State's Exhibit 3 is also upside down, and State's Exhibit 3 as contained in the Reporter's Record contains a duplicate copy of the judgment in Walker County Cause Number 17900 instead of the judgment in Walker County Cause Number 17366 as included in State's Exhibit 3 as contained in the Walker County District Clerk's records.

Next, the State requested an extension of time to file a response brief so that the Reporter's Record filed in this case could be amended or supplemented to include the missing portions of the State's exhibits admitted in this case and so the State could properly cite to the full record in its response brief.

Appellant, Marshall O'Bryant, responded to the State's request by arguing that "[t]he State's proposal to alter the record is disconnected from the Rules of Appellate Procedure and due process."  Appellant asserted that: (1) the "record shows that the State simply failed to have admitted the exhibits it wanted to admit"; and (2) "[n]othing in the Rules of Evidence, Code of Criminal Procedure[,] or Rules of Appellate Procedure allow a party to change the evidence admitted at trial after closing, rendition of judgment, and expiration of the trial court's plenary power."  Appellant did note that Texas Rule of Appellate Procedure 34.6(e) provides a specific procedure for resolving allegations of inaccuracies in the Reporter's Record; however, at the time of appellant's response, the State had not made a request under Rule 34.6(e).  *See* TEX. R. APP. P. 34.6(e).

On September 27, 2018, the State filed a motion to abate the appeal and remand to the trial court, noting that purported inaccuracies mentioned above and that the State and appellant have been unable to come to an agreement as to the accuracy of the Reporter's

Record or how it should be corrected. As such, the State requested that this Court abate this case and remand to the trial court for a hearing on the accuracy of the Reporter's Record in this case. After review, we grant the State's motion to abate the appeal and remand to the trial court.[1] *See id.* at R. 34.6(e)(2) ("If the parties cannot agree on whether or how to correct the reporter's record so that the text accurately discloses what occurred in the trial court and the exhibits are accurate, the trial court must—after notice and hearing—settle the dispute. If the court finds any inaccuracy, it must order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court).

Accordingly, we abate the appeal and remand the cause to the trial court to conduct a hearing on the accuracy of the Reporter's Record, in accordance with Texas Rule of Appellate Procedure 34.6(e)(2). *See id.* The trial court shall conduct this hearing within twenty-one (21) days after the date of this order. The trial court clerk and court reporter shall file supplemental records, including corrected records if inaccuracies are found, within thirty-five (35) days after the date of this order.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and

---

[1] In light of the foregoing, we take no action at this time on the State's motion for extension of time to file its brief.

Justice Scoggins

Appeal Abated

Opinion delivered and filed October 10, 2018

Do not publish

